IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WHIRLPOOL CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 21-979-CFC-JLH |
| DAVIDE CABRI, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff's Emergency Motion for a Preliminary Injunction and Expedited Proceedings. (D.I. 7.) As announced at the hearing on August 16, 2021, I recommend that the motion be DENIED. My Report and Recommendation was announced from the bench at the conclusion of the hearing as follows:

> This is the Court's ruling on plaintiff's emergency motion for a preliminary injunction and expedited proceedings. (D.I. 7.) I won't be issuing a separate written opinion, but we will put on the docket a written form that incorporates by reference a transcript of my oral ruling today. I want to emphasize before I state my recommendation that, while we're not issuing a separate opinion, we have followed a full process for making the recommendation that I'm about to state. There was full briefing on this motion, and those papers and the accompanying declarations have been carefully considered.
>
> For the reasons I will state, plaintiff's request for a preliminary injunction should be DENIED.
>
> The procedural history is as follows. Plaintiff Whirlpool Corporation filed a "Complaint for Declaratory, Injunctive, and Other Relief" against defendant Davide Cabri on July 1, 2021. (D.I. 1.) On July 8, 2021, Whirlpool filed an emergency motion for a preliminary injunction and expedited proceedings. (D.I. 7.) The motion was referred to me on July 14, 2021 (D.I. 13), and briefing was complete on July 27. (D.I. 17.)

Whirlpool requested argument on July 28. (D.I. 20.) On July 30, the Court held a teleconference to discuss the form and timing of the preliminary injunction hearing (D.I. 21), and a hearing was scheduled for today by party agreement. (D.I. 22.) Neither side elected to put on live testimony; the parties agreed to submit the dispute with briefing and oral argument.

The most relevant facts are these. Davide Cabri has been employed by a Whirlpool subsidiary for over 30 years. (D.I. 10 ¶ 2; D.I. 15 ¶ 2.) Throughout his employment, Cabri lived and worked in Italy with some trips to the United States. (D.I. 10 ¶ 3.) As an executive, Cabri received conditional equity and cash incentive awards in excess of $1 million. (D.I. 10 ¶ 4.) The most recent equity plan was Whirlpool's 2018 Omnibus Stock and Incentive Plan. (D.I. 10 ¶ 4, Ex. A.) Among other things, the plan sets forth awards that the employee may be eligible for. It also says that an employee may be required to pay back an award if, for example, the employee becomes employed with a competitor within the two-year period following termination or for any other reason deemed to be detrimental to [Whirlpool] or its interests.[1] (D.I. 10, Ex. A § 12.5.)

The 2018 Omnibus Stock and Incentive Plan includes a forum selection clause. (D.I. 10, Ex. A § 12.13.) I incorporate the text of that clause into my report and recommendation.[2] Cabri also

---

[1] (*See* D.I. 10, Ex. A § 12.5 ("**12.5** *Conditions on Awards*. . . . In addition, any Participant may be required to repay the Company an Award, (i) if the Participant is terminated by or otherwise leaves employment with the Company within two years following the vesting date of the Award and such termination of employment arises out, is due to, or is in any way connected with any misconduct or violation of Company policies, (ii) if the Participant becomes employed with a competitor within the two year period following termination, or (iii) for any other reason considered by the Committee in its sole discretion to be detrimental to the Company or its interests.").)

[2] It provides as follows:

> **12.13** *Governing Law; Jurisdiction*. The Plan and all determinations made and actions taken thereunder, to the extent not otherwise governed by the Code or the laws of the United States, shall be governed by the laws of the State of Delaware, without reference to principles of conflict of laws, and construed accordingly. Any suit, action or proceeding with respect to the Plan or any Award Agreement, or any judgment entered by any court of competent jurisdiction in respect of any thereof, shall be resolved only in the courts of the State of Delaware or the United States District Court for the District of Delaware and the appellate courts having jurisdiction of appeals in such courts. In that context, and

received awards prior to 2018 under a prior award plan [with a similar forum selection clause]. (D.I. 10 ¶ 4, Ex. B; D.I. 19 ¶ 3.)

In April 2021, Cabri announced he was leaving Whirlpool to work for one of Whirlpool's direct competitors, Haier. (D.I. 9 ¶ 15-16.) Cabri will have a similar role at Haier to the one that he previously held at Whirlpool's subsidiary in Europe. (*Id.* ¶ 17.)

Whirlpool's complaint in this case contains four counts. Counts 1 and 2 are breach of contract claims. They seek repayment of awards made under award plans.

Counts 3 and 4 are trade secret misappropriation claims. Count 3 is brought under the Federal Defend Trade Secrets Act, 18 U.S.C. § 1836. Count 4 is a state law claim purportedly brought under the Delaware Uniform Trade Secrets Act, 6 Del. C. § 2001 *et seq.* Regarding Counts 3 and 4, Whirlpool alleges that Cabri will be

---

without limiting the generality of the foregoing, the company and each Participant shall irrevocably and unconditionally (a) submit in any proceeding relating to the Plan or any Award Agreement, or for the recognition and enforcement of any judgment in respect thereof (a "Proceeding"), to the exclusive jurisdiction of the courts of the State of Delaware, the court of the United States of America for the District of Delaware, and appellate courts having jurisdiction of appeals from any of the foregoing, and agree that all claims in respect of any such Proceeding shall be heard and determined in such Delaware State court or, to the extent permitted by law, in such federal court, (b) consent that any such Proceeding may and shall be brought in such courts and waives any objection that the Company and each Participant may now or thereafter have to the venue or jurisdiction of any such Proceeding in any such court or that such Proceeding was brought in an inconvenient court and agree not to plead or claim the same, (c) waive all right to trial by jury in any Proceeding (whether based on contract, tort or otherwise) arising out of or relating to the Plan or any Award Agreement, (d) agree that service of process in any such Proceeding may be effected by mailing a copy of such process by registered or certified mail (or any substantially similar form of mail), postage prepaid, to such party, in the case of a Participant, at the Participant's address shown in the books and records of the Company or, in the case of the Company, at the Company's principal offices, attention General Counsel, and (e) agree that nothing in the Plan shall affect the right to effect service of process in any other manner permitted by the laws of the State of Delaware.

(D.I. 10, Ex. A § 12.13.)

3

unable to avoid disclosing confidential information, whether intentionally or otherwise, at his new position with Haier. (*Id.* ¶ 18.)

The motion pending before the court is Whirlpool's emergency motion for preliminary injunction and expedited proceedings. (D.I. 7.) Although Whirlpool asks for a number of things to be included in the injunction, the major request is that it wants the Court to enter a preliminary injunction preventing defendant from working for Haier.[3]

A preliminary injunction is "extraordinary" relief.[4] To obtain a preliminary injunction, the movant has the burden to "demonstrate (1) that they are reasonably likely to prevail eventually in the litigation and (2) that they are likely to suffer irreparable injury without relief. If these two threshold showings are made the District Court then considers, to the extent relevant, (3) whether an injunction would harm the [defendant] more than denying relief would harm the plaintiff[ ] and (4) whether granting relief would serve the public interest."[5]

As an initial matter, however, there is an issue as to whether the Court has personal jurisdiction [to issue the requested injunction against] defendant. And as confirmed at the hearing today, the parties agree that the Court should address that issue before it can enter an injunction.

I'm not going to read into the record the legal standard that applies to the assessment of personal jurisdiction. I have a standard that I have used in an opinion in the *Truinject* case, and I incorporate that discussion by reference.[6]

---

[3] Plaintiff's motion asks the Court to "prevent the imminent misappropriation of [Whirlpool's] valuable trade secrets" by enjoining defendant Cabri "from commencing employment with or performing any services for any Haier entity until further order of this Court and further providing that Cabri and all in active concert or participation with him must: (1) preserve all relevant evidence; (2) return Whirlpool's information, data, or documents in any form and not retain copies or summaries; (3) not retain and not copy, use or disclose Whirlpool's trade secrets; and (4) not pursue legal action in any other forum." (D.I. 7.)

[4] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

[5] *Par Pharm., Inc. v. QuVa Pharma, Inc.*, 764 F. App'x 273, 277 (3d Cir. 2019) (quoting *K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013)).

[6] *Truinject Corp. v. Nestle Skin Health, S.A.*, No. 19-592-LPS-JLH, 2019 WL 6828984, at *8 (D. Del. Dec. 13, 2019). To exercise personal jurisdiction over a defendant, a court generally

> For purposes of the hearing today, the parties agree that the Court cannot enter an injunction without, at a minimum, a showing that the plaintiff is reasonably likely to succeed in establishing the

---

must answer two questions: one statutory and one constitutional. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258-59 (3d Cir. 1998); *Acorda Therapeutics, Inc. v. Mylan Pharm. Inc.*, 78 F. Supp. 3d 572, 580 (D. Del. 2015), *aff'd,* 817 F.3d 755 (Fed. Cir. 2016). The statutory inquiry requires the court to determine whether jurisdiction over the defendant is appropriate under the long arm statute of the state in which the court is located. *IMO Industries*, 155 F.3d at 259.

The constitutional inquiry asks whether exercising jurisdiction over the defendant comports with the Due Process Clause of the U.S. Constitution. *Id.* Due Process is satisfied where the court finds the existence of "certain minimum contacts" between the defendant and the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A defendant's "contacts" with the forum state can give rise to "two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017); *see also Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). A court has general jurisdiction over a defendant when its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). If the court has general jurisdiction over a defendant, it may hear any claim against it, even if the claim arose outside the state. *Goodyear*, 564 U.S. at 919; *Provident Nat. Bank*, 819 F.2d at 437. A court has specific jurisdiction over a defendant in a particular suit "when the suit 'aris[es] out of or relate[s] to the defendant's contacts with the forum." *Goodyear*, 564 U.S. at 923-24 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)); *see also Remick*, 238 F.3d at 255.

But the requirement that a court have personal jurisdiction is a "waivable right," and a defendant may consent to the jurisdiction of the court. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985); *see also Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."). A defendant is deemed to have consented to personal jurisdiction in a particular jurisdiction when the parties have stipulated in advance that their controversies should be resolved in that jurisdiction, such as in a forum selection clause of a contract. *See Burger King*, 471 U.S. at 472 n.14; *see also Hardwire, LLC v. Zero Int'l*, Inc., No. 14-54-LPS-CJB, 2014 WL 5144610, at *6 (D. Del. Oct. 14, 2014); *Eastman Chem. Co. v. AlphaPet Inc.*, No. 09-971-LPS, 2011 WL 6004079, at *4 (D. Del. Nov. 4, 2011) (quoting *Hadley v. Shaffer*, No. 99-144-JJF, 2003 WL 21960406 (D. Del. Aug. 12, 2003)). If a defendant has agreed to a forum selection clause, there is no requirement for the court to undertake a separate due process "minimum contacts" analysis. *Solae, LLC v. Hershey Canada, Inc.*, 557 F. Supp. 2d 452, 456 (D. Del. 2008); *see also Burger King*, 471 U.S. at 472 n.14 (enforcement of "freely negotiated" forum selection clause does not offend due process).

5

Court's jurisdiction.[7] As I agree with defendant that plaintiff has failed to meet that burden, I don't need to decide whether a higher burden is appropriate at this stage and/or whether plaintiff could meet a higher burden.

Plaintiff agreed during the argument today that the preliminary injunction is sought under counts 3 and 4, *i.e.*, the trade secret claims. Plaintiff also acknowledged during the hearing today that its only theory in support of the Court's exercise of jurisdiction over defendant is based on defendant being bound by the forum selection clause in plaintiff's award plans.[8]

The parties dispute whether defendant is even bound by the forum selection clauses in those plans. I do not need to, and will not, resolve that dispute here because even if he is bound, that clause does not cover the trade secret claims. So going forward in the analysis, I'll assume for purposes of the argument that he is bound to those contracts.

While it appears that plaintiff's breach of contract claims seeking repayment of the equity awards arise under the award plan contract, the trade secret claims do not fall within the type of claim for which defendant consented to submit to jurisdiction in Delaware.

The forum selection clause provides that "[a]ny suit, action or proceeding **with respect to the Plan or any Award Agreement** . . . shall be resolved only in the courts of the State of Delaware or the United States District Court for the District of Delaware" and that "the company and each Participant shall irrevocably and unconditionally [(a)] submit in any proceeding **relating to the Plan or any Award Agreement** . . . to the exclusive jurisdiction of the courts of the State of Delaware, [and] the court of the United States of America for the District of Delaware . . . ." (D.I. 10, Ex. A § 12.13 (emphasis added).)

Plaintiff's trade secret claims are not suits with respect to the plan or award agreement. Nor do they relate to the plan or any award

---

[7] *Cf. Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470-71 (5th Cir. 1985) ("Where a challenge to jurisdiction is interposed on an application for a preliminary injunction the plaintiff is required to adequately establish that there is at least a reasonable probability of ultimate success upon the question of jurisdiction . . . .") (cleaned up); *Visual Scis., Inc. v. Integrated Commc'ns Inc.*, 660 F.2d 56, 59 (2d Cir. 1981).

[8] And I note that there is no apparent basis otherwise for this Court to exercise personal jurisdiction over defendant Cabri, an Italian national who lives and works in Italy and has never been to Delaware.

agreement. To be clear, the award plan agreement does not contain any promises regarding confidentiality or trade secrets, nor does it contain any non-compete promises. It says, essentially, that if the employee goes to work for a competitor, it might have to pay back some of the award money, but there is no promise that the employee won't work for a competitor.

Plaintiff points to the portion of section 12.13 that has to do with waiving a right to trial by jury,[9] but that has nothing to do with anything. The plain language of the forum selection clause indicates that defendant only consented to jurisdiction in Delaware with respect to suits that are with respect to or relating to the plan or any award agreement. Plaintiff's trade secret claims are neither.

Accordingly, there is no showing on this record that plaintiff is reasonably likely to succeed in demonstrating that the Court has personal jurisdiction with respect to its trade secret claims. As those are the only claims for which plaintiff has sought injunctive relief, its request for a preliminary injunction should be denied.

Plaintiff's reply brief suggests that this Court might have personal jurisdiction over the trade secret claims on some sort of pendent personal jurisdiction theory. I reject that argument. The Court must have personal jurisdiction over each claim asserted against a defendant.[10] The only reason the court [may have] jurisdiction over [defendant with respect to] the contract claims is due to defendant's alleged consent to personal jurisdiction for those claims in the award agreements. But defendant did not consent to jurisdiction on the trade secret claims. When the only basis for jurisdiction is consent, the Court can only exercise jurisdiction to the extent that the parties consented.[11] And there is no such thing as

---

[9] "Participant shall irrevocably and unconditionally . . . (c) waive all right to trial by jury in any Proceeding (whether based on contract, tort or otherwise) arising out of or relating to the Plan or any Award Agreement." (D.I. 10, Ex. A § 12.13.)

[10] *See Remick*, 238 F.3d at 255-56.

[11] *Expeditors Int'l of Washington Inc. v. Cadena Santillana*, No. 20-349-RAJ-BAT, 2020 WL 10088717, at *10-11 (W.D. Wash. Oct. 26, 2020) ("Because personal jurisdiction based on a forum selection clause involves some form of consent by the parties, it would be illogical and unfair to extend personal jurisdiction over claims that clearly fall outside its scope.").

7

supplemental specific personal jurisdiction.[12] Plaintiff has not cited any case to the contrary.

Because the parties agree that plaintiff must show a reasonable likelihood of establishing personal jurisdiction, and because I conclude that it has failed to do so [with respect to the trade secret claims], I recommend that plaintiff's request for injunctive relief be denied.

I note for the record that only the emergency motion for a preliminary injunction is before me, and I do not make any ruling or recommendation with respect to how this action should otherwise move forward.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B),(C), Federal Rule of Civil Procedure 72(b)(1), and District of Delaware Local Rule 72.1.

Dated: August 18, 2021

_____
The Honorable Jennifer L. Hall
United States Magistrate Judge

---

[12] *See Remick*, 238 F.3d at 255-56 (stating that district court must find that personal jurisdiction exists over the defendant as to each of the plaintiff's claims); *see also Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 275 n.6 (5th Cir. 2006) ("There is no such thing as supplemental specific personal jurisdiction; if separate claims are pled, specific personal jurisdiction must independently exist for each claim and the existence of personal jurisdiction for one claim will not provide the basis for another claim." (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1351, at 299 n.30 (2004)).